NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TRAVELODGE HOTELS, INC., a Delaware Corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>PORTLAND HOTELS, INC., a Maine Corporation; KAMLESH PATEL, an individual; ROHIT PATEL, an individual; DINESH PATEL, an individual; and AMRUTLAL PATEL, an individual,<br><br>*Defendants*. | Civil No.: 20-cv-01588 (KSH) (CLW)<br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court on the unopposed motion (D.E. 10) of plaintiff Travelodge Hotels, Inc. ("THI") for final judgment by default against entity defendant Portland Hotels, Inc. ("PHI"), and individual defendants Kamlesh Patel, Rohit Patel, Dinesh Patel, and Amrutlal Patel (the "individual defendants," and with PHI, "defendants"). THI alleges that PHI breached a license agreement governing the operation of a Travelodge® hotel and that the individual defendants breached their guaranties of that agreement.

1

I.      **Factual Background[1] & Procedural History**

On January 29, 2004, THI entered into a license agreement (the "Agreement") with PHI for the operation of a 129-room Travelodge® guest lodging facility (the "Facility") located in Portland, Maine. (D.E. 1, Compl., ¶ 11.) The Agreement called for PHI to, among other obligations, operate the Facility for a 15-year term, make certain payments to THI "for royalties, system assessments, taxes, interest, SynXis fees, and other fees," which the Agreement referred to as "Recurring Fees,"[2] as well as keep accurate books and records, and pay interest on past due amounts. (*Id.* ¶¶ 12-17.) THI could terminate the Agreement, with notice to PHI, if PHI stopped operating the Facility as a Travelodge® establishment, in which event PHI would be liable for liquidated damages in accordance with a formula specified in the Agreement. (*Id.* ¶¶ 18-19.)

Effective the same date as the Agreement, the individual defendants provided THI with guaranties of PHI's obligations, whereby they agreed that, upon default under the Agreement, they would "immediately make each payment and perform or cause [PHI] to perform, each unpaid or unperformed obligation of [PHI] under the Agreement." (*Id.* ¶¶ 21-22; D.E. 1, Ex. C.)

---

[1] The facts of this matter derive from the complaint (D.E. 1) as well as the affidavit and exhibits submitted in conjunction with THI's motion for default judgment (D.E. 10).
[2] THI and PHI also entered into a SynXis subscription agreement on March 1, 2015, which "govern[s] Portland Hotels' access to and use of certain computer programs, applications, features, and services." (Compl. ¶ 12.)

On October 15, 2017, PHI terminated the Agreement by ceasing to operate the Facility as a Travelodge® hotel. (Compl. ¶ 24.) In a November 22, 2017 letter, THI noticed defendants of this termination and outlined PHI's post-termination obligations under the Agreement. (*Id.* ¶ 25.) In this letter, THI demanded $112,861.02 in liquidated damages, estimated that PHI owed $22,988.56 in recurring fees, and instructed PHI to "consider th[e] letter to be a notice and demand for payment under any Guaranty of the Agreement, directed to your Guarantors." (*Id.* ¶ 25; D.E. 1, Ex. D.)

On February 14, 2020, THI sued the defendants, invoking federal diversity jurisdiction and asserting claims for an accounting of PHI's revenue from inception through the termination of the Agreement (count one, against PHI); breach of contract for PHI's failure to pay liquidated damages upon termination of the Agreement[3] (count two, against PHI); in the alternative to count two, breach of contract, seeking actual damages for premature termination of the Agreement (count three, against PHI); breach of contract for PHI's failure to pay recurring fees (count four, against PHI); unjust enrichment, also for PHI's failure to pay recurring fees (count five, against PHI); and breach of the guaranty agreements (count six, against the individual defendants). (Compl. ¶¶ 26-51.)

---

[3] Count two of the complaint lists PHI's liquidated damages obligation as $112,861.14, which conflicts with the November 22, 2017 letter, the affidavit and supplemental certification of Suzanne Fenimore in support of THI's motion for default judgment, and two itemized statements that all list the total amount of liquidated damages as $112,861.02. (D.E. 1, Ex. D; D.E. 10-3, ¶¶ 16, 23; D.E. 10-3, Ex. F; D.E. 12-1, ¶¶ 26, 29; D.E. 12-1, Ex. B.)

3

After being served the complaint, defendants failed to answer, move, or otherwise respond. THI requested entry of default on May 22, 2020 (D.E. 8) and the clerk's office entered it that same day. On September 17, 2020, THI filed the instant motion for default judgment. (D.E. 10.) In support, THI submitted a certification of counsel and an affidavit of Suzanne Fenimore, who currently serves as THI's vice president of contracts compliance (D.E. 10-3, Fenimore Aff.).

On April 23, 2021, the Court issued an Order to Show Cause, which directed THI to clarify how it reached (a) the amount of liquidated damages and (b) the amount of recurring fees and interest due thereon. (D.E. 11.) On April 29, 2021, THI filed a supplemental certification signed by Fenimore explaining and supporting its calculations. (D.E. 12-1, Fenimore Suppl. Cert.)

## II. Legal Standard

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. The "entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). In *Chanel, Inc. v. Gordashevsky*, Judge Kugler cited to Third Circuit precedent and wrote the authoritative opinion relied upon in this District, stating that in ruling on a motion for default judgment, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and, further, the Court must "ascertain whether 'the unchallenged facts

4

constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008) (citations omitted); *see also Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendants were properly served. *See Baymont Franchise Sys., Inc. v. Shree Hanuman, Inc.*, 2015 WL 1472334, at *2, 3 (D.N.J. Mar. 30, 2015) (McNulty, J.) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18-19 (3d Cir. 1985)).

III. **Analysis**

A. **Jurisdiction**

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. A party establishes subject matter jurisdiction by way of diversity jurisdiction by showing that there is "complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010) (citing 28 U.S.C. § 1332(a)). For

5

purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State or foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). And with respect to the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," and the plaintiff only fails to meet the requirement if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount[.]" *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F. 3d 388, 395 (3d Cir. 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

Here, THI is a Delaware corporation with its principal place of business in Parsippany, New Jersey. (Compl. ¶ 1.) THI is therefore a citizen of both Delaware and New Jersey for purposes of diversity jurisdiction. PHI is a Maine corporation with its principal place of business in South Portland, Maine. (*Id.* ¶ 2.) THI is therefore a citizen of Maine. The individual defendants all reside in South Portland, Maine and are therefore also citizens of Maine. (*Id.* ¶¶ 3-6.) Damages are alleged in excess of $75,000. (*Id.* ¶¶ 35, 42, 46, 51.) Accordingly, the Court has diversity jurisdiction because THI and defendants are citizens of different states and the amount in controversy exceeds the statutory threshold.

The Court also has personal jurisdiction over defendants. A "contractual consent to personal jurisdiction should be enforced unless it would be unreasonable or unjust to do so." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370,

373 (D.N.J. 2000) (Wolin, J.) (citing *Burger King Corp. v. Rudzewicz*, 414 U.S. 462, 472 n.14 (1985)); *see also Coyle v. Mathai*, 2011 WL 5828522, at *4 (D.N.J. Nov. 18, 2011) (Irenas, J.) ("Personal jurisdiction is a right that can be waived by agreeing in advance to submit to the jurisdiction of a given court pursuant to a contract with a forum selection clause.").

Here, Section 17.6.3 of the Agreement provides that PHI "consent[]s and waive[s] [its] objection[s] to the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey for all cases and controversies under this Agreement." (Compl. ¶ 8; D.E. 1, Ex. A, at § 17.6.3.) In addition, the individual defendants each signed a guaranty that acknowledged they were personally bound by Section 17 of the Agreement. (Compl. ¶¶ 12-14; D.E. 1, Ex. C.) There is no reason that the Court should disregard these consents to personal jurisdiction, which have been agreed to by the parties. Accordingly, the Court has personal jurisdiction over the defendants.

### B. Sufficiency of Proof of Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (Simandle, J.) (citing *Gold Kist*, 756 F.2d at 19).

PHI and Dinesh Patel ("D. Patel") were properly served. All documents were given to D. Patel on March 12, 2020, by personally serving him in East Longmeadow,

Massachusetts. (D.E. 5.) PHI was served on April 9, 2020 under Rule 4(h) by personal service on D. Patel, an authorized representative of PHI. (D.E. 6.)

Kamlesh Patel ("K. Patel"), Rohit Patel ("R. Patel"), and Amrutlal Patel ("A. Patel") were also properly served. Rule 4 permits service upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). In turn, New Jersey law permits service by mail when, "despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule." N.J. Ct. R. 4:4-4(b)(1). To serve an individual by mail the plaintiff must "mail[] a copy of the summons and complaint by registered or certified mail, return receipt requested, and simultaneously, by ordinary mail to . . . the individual's dwelling house or usual place of abode." *Knights Franchise Sys., Inc. v. Patel*, 2017 WL 5191805, at *4 (D.N.J. Nov. 9, 2017) (Vazquez, J.) (quoting N.J. Ct. R. 4:4-4(b)(C)).

Here, THI hired Recon Management Group to effectuate personal service upon K. Patel, R. Patel, and A. Patel. (D.E. 7, ¶ 3.) Recon made diligent efforts and inquiries but was unable to locate those defendants. (*Id.* ¶¶ 4-6.) Then, by regular and certified mail with return receipt requested, THI served each of them with the summons and complaint on April 21, 2020 pursuant to Fed. R. Civ. P. 4(e)(1). (*Id.* ¶ 7; D.E. 7, Ex. D.) As such, the Court finds that K. Patel, R. Patel, and A. Patel were properly served. *See, e.g.*, *Knights Franchise*, 2017 WL 5191805, at *4. Accordingly, the

8

Court is satisfied that it has jurisdiction over the defendants and may thus decide the pending motion for default judgment.

## C. Sufficiency of Causes of Action and Damages

The Court must also assess whether the complaint states a legitimate cause of action. THI has stated a claim for breach of contract against PHI and the individual defendants for breaching the Agreement and guaranties, respectively, and no meritorious defense is evident from the record. To state a claim for breach of contract under New Jersey law, a plaintiff must establish "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages." *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013); *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 482 (2016).

Here, accepting THI's factual allegations as true, defendants have valid contracts—the Agreement and guaranties—with THI to, among other obligations, operate a THI hotel for 15 years and remit various fees throughout the life of the Agreement. As demonstrated in the Fenimore Affidavit, PHI breached these duties by ceasing to operate the Facility as a Travelodge® guest lodging establishment and failing to remit the required fees. (Fenimore Aff., ¶ 15-16.) The individual defendants

failed to render performance in PHI's stead after it defaulted. These breaches caused THI damages. Accordingly, THI has stated a claim in counts two, four, and six.[4]

Defendants' failure to appear or to file any response to the complaint has prevented THI from prosecuting this action and obtaining relief, to its prejudice. *Baymont Franchise Sys.*, 2015 WL 1472334, at *5. And absent any evidence to the contrary, "the [d]efendant's failure to answer evinces the [d]efendant's culpability in its default.'" *Teamsters Pension Fund*, 2011 WL 4729023, at *4. No such evidence of a reason other than defendants' willful negligence is present here. *See Prudential Ins. Co. of Am. v. Taylor*, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (finding that where there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

**D. Remedies**

THI seeks liquidated damages totaling $112,861.02 and recurring fees totaling $25,659.61.[5] THI also seeks interest on these principal amounts at the rates provided

---

[4] THI is not seeking judgment or relief on its claims for an accounting (count one), actual damages (count three), or unjust enrichment (count five). THI only seeks liquidated damages and recurring fees from PHI (counts two and four, respectively) and the individual defendants (count six). Accordingly, the Court need not evaluate the legal sufficiency of counts one, three, and five, though it does note that THI's unjust enrichment claim is fundamentally inconsistent with its contract claims and that it could not recover under both theories. *See, e.g., Kumon N. Am., Inc. v. Timban*, 2014 WL 2812122, at *9-10 (D.N.J. June 23, 2014). Additionally, THI has not provided the Court with any support for its claim for actual damages in count three, which is plead in the alternative to count two.

[5] In response to the Court's order to show cause (D.E. 11), THI inaccurately lists the principal amount of recurring fees as $26,659. (Fenimore Suppl. Cert., ¶¶ 27, 29.)

10

in the Agreement. The interest owed on the liquidated damages is $59,556.20,[6] and the interest owed on the recurring fees is $10,647.98. THI has submitted documentary evidence in support of its demands (*see generally* Fenimore Aff., Exs. E, F; Fenimore Suppl. Cert., Exs. A, B), while defendants have submitted nothing and have failed to appear or respond in any manner. The Court grants THI's request for these principal amounts plus post-termination interest.

IV. **Conclusion**

For the foregoing reasons, the Court grants THI's motion for default judgment against defendants (D.E. 10). An appropriate order and judgment will follow.

/s/ Katharine S. Hayden
Date: May 5, 2021                             Katharine S. Hayden, U.S.D.J

---

[6] THI's supplemental certification miscalculates the return date of its motion. (*See* Fenimore Suppl. Cert. ¶ 27.) The Court accepts the October 19, 2020 return date as originally indicated in THI's notice of motion (D.E. 10, at 1) and the Fenimore Affidavit in support of THI's motion for final judgment by default (Fenimore Aff., ¶ 24).